# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC WEST HOME MORTGAGE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>INDIA RAYL, *et al.*,<br><br>Defendants. | Case No. 14-cv-2031-BAS(BLM)<br><br>**ORDER:**<br><br>**(1) REMANDING ACTION TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION; AND**<br><br>**(2) TERMINATING INDIA RAYL'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* AS MOOT**<br><br>**[ECF No. 3]** |

On May 27, 2014, Plaintiff Pacific West Home Mortgage, LLC ("Pacific West") commenced this unlawful-detainer action based on California Civil Procedure Code § 1161a against Defendants India Rayl and Robert R. Rayl in the San Diego Superior Court. On August 29, 2014, Ms. Rayl removed this action to federal court, and concurrently filed a motion to proceed *in forma pauperis*. The removal is based on federal-question jurisdiction. Ms. Rayl asserts that the federal question involves the

Protecting Tenants at Foreclosure Act, 12 U.S.C. § 5220, which Defendants invoked in their answer to the complaint.

For the following reasons, the Court finds that Ms. Rayl's Notice of Removal is deficient and **REMANDS** this action to the San Diego Superior Court.

## I.   LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree." *Id.* (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Sygenta Crop Prot. v. Henson*, 537 U.S. 28, 32 (2002); *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566; *see also Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *O'Halloran*, 856 F.2d at 1380. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

It is well-established that "a district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments." *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004). Courts may consider the issue *sua sponte*. *Demery v. Kupperman*, 735 F.2d 1139, 1149 n.8 (9th Cir. 1984). Indeed, the Supreme Court has emphasized that "district courts have an 'independent obligation to address subject-matter jurisdiction *sua sponte*.'" *Grupo*

*Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004) (quoting *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004)).

## II.   ANALYSIS

In order to invoke this Court's federal-question jurisdiction, the defendant must demonstrate that the civil action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "It is settled that the answer to this jurisdictional question must be determined solely from the face of the complaint *unaided by the answer*, petition for removal or *other papers*." *Farmco Stores, Inc. v. Newmark*, 315 F. Supp. 396, 397 (E.D. Cal. 1970) (citing *Gully v. F. Nat'l Bank*, 299 U.S. 109, 113 (1936); *Stauffer v. Exley*, 184 F.2d 962, 967 (9th Cir. 1950)) (emphases added).

Ms. Rayl asserts in her notice of removal that Defendants' answer invoking the Protecting Tenants at Foreclosure Act, and Defendants' demurrer depending on "Defendants' rights and Plaintiff's duties under federal law" provide the basis for federal-question jurisdiction. In making that assertion, Ms. Rayl tacitly concedes that there are no allegations from the face of the complaint that demonstrate the existence of a federal question for jurisdictional purposes. Upon reviewing the complaint, the Court confirms that that is the case here—that the unlawful-detainer claim in the complaint does not arise from the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331; *see also U.S. Bank Nat'l Ass'n v. Bilbaeno*, No. C-12-01707, 2012 WL 3987317, at *1 (N.D. Cal. Sept. 7, 2012) (finding that an unlawful-detainer claim *not* based upon any federal statute cannot establish federal-question jurisdiction).

More importantly, it is settled law that Ms. Rayl cannot rely on Defendants' answer or demurrer to provide the basis for determining federal-question jurisdiction. *See Farmco Stores*, 315 F. Supp. at 397. Consequently, the Court must reject Ms. Rayl's proposition that removal is proper under federal-question jurisdiction arising from assertions in Defendants' answer and demurrer. Left only with the allegations in the complaint, the Court cannot conclude that this action arises under the Constitution,

laws, or treaties of the United States. *See* 28 U.S.C. § 1331. Because there is doubt as to the right of removal, federal jurisdiction must be rejected. *See Gaus*, 980 F.2d at 566.

## III. CONCLUSION & ORDER

Ms. Rayl fails to provide an adequate explanation supported by law to demonstrate federal-question jurisdiction. Therefore, the Court **REMANDS** this action to the San Diego Superior Court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Additionally, the Court **TERMINATES AS MOOT** Ms. Rayl's motion to proceed *in forma pauperis*. (ECF No. 3.)

**IT IS SO ORDERED.**

**DATED: September 23, 2014**

                                                                                       *Cynthia Bashant*
**Hon. Cynthia Bashant**
**United States District Judge**